## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 17-412 |
| JOSE FLORES | : | |

### TRIAL MEMORANDUM

**I.    Background**:

Defendant Jose Flores is charged by indictment with five counts: Counts One through Three, travel to have illicit sexual contact with a minor, in violation of Title 18, United States Code, Section 2423(b), Count Four, production of child pornography, in violation of Title 18, United States Code, Section 2251, and Count Five, possession of child pornography, in violation of Title 18, United States Code, Section 2252(a)(4)(B). Flores had his initial appearance and arraignment on September 11, 2017, and entered a not guilty plea. On April 17, 2018, Flores counsel requested to withdraw due to a breakdown in communication. The request was granted and new counsel was appointed, attorney Gavin Holihan. Trial is currently scheduled for December 14, 2018.

**II.    Summary of Facts**:

In March of 2017, a 13-year-old girl reported to a school official that a family "friend" was sexually assaulting her. Law enforcement was notified. After being formally interviewed, the victim relayed that Jose Flores had sexually assaulted her many times since she was approximately four years old. The victim formerly lived in the same apartment complex with her family as

1

Flores in Bronx, New York. When the victim was approximately four years old she recalled being in her Bronx apartment alone with Flores in the living room. Flores began to rub her body "up and down" and then began to lick her vagina. She said her pants were removed and the assault occurred for approximately five minutes.

When she was approximately five years old, she moved to Hazelton, Pennsylvania. Flores would visit her and her family at the Hazelton residence. On one recalled occasion, Flores took the victim to the basement of the residence. He then began whispering things to her and began to lick her body "up and down." Flores attempted anal intercourse; the victim reported "it did not fit" and that she was in pain and making loud noises. The victim stated Flores stopped but then he laughed.

Prior to the victim's 13th birthday, the victim moved with her family to Bethlehem, Pennsylvania. Flores continued to visit the family and the victim independently, after the move. The victim detailed one incident in or about July of 2016. Flores was staying with her family for several days. While there, Flores took the victim to Walmart and purchased food and snacks for her, as well as thong underwear. When they returned to the residence, Flores began "foreplay-type" acts, which progressed to Flores removing the victim's pants and licking her vagina, and then having anal intercourse. When she told Flores to stop, he stated, "we always do what you want to do but you never let me do what I want to do." The victim believed Flores meant that he was always taking her to Walmart and buying food or undergarments for her but she did not want to fully engage in the sex acts with him. (This offense is charged in Count One.)

Flores would again visit the victim in or about August 2016 (Count Two) and again in or about October 2016 (Count Three), traveling from New York to Bethlehem, Pennsylvania. Both

times Flores sexually assaulted her. During one of the assaults, Flores videotaped the victim performing oral sex on him and took still photographs of the victim focusing on her genital area (Counts Four and Five).

Flores was arrested by Bethlehem Police Department for the sexual assaults perpetrated on the victim. After his arrest, law enforcement obtained several search warrants including one for an iPhone Flores had in his possession at the time of his arrest. On the phone were text messages between Flores and the victim. For example, on August 5, 2016, text messages were exchanged discussing something Flores did to the victim before. The victim texted Flores she did not want to do it because she fell and her tailbone hurt. Flores stated it was not "fare." She further told him she was not ready and he replied she was ready but was just scared. Another text from the victim stated, "I mean I'll suck your dick but I don't feel like doing anything tonight." There were other text messages between the victim and Flores coordinating Flores' visit to the victim in Bethlehem without her parents' knowledge.

Also seized from Flores was his Samsung Tablet. Discovered on the tablet were three still images of the victim's genital area and a video of the victim performing oral sex (Counts Four and Five). The video and images were taken on August 21, 2016. Text messages between the victim and Flores earlier that morning indicate that he was coming to see her, traveling about 1 ½ hours and utilizing GPS to get there.

II. **Elements of Offenses**:

    A. **Counts One through Three: Travel to engage in illicit sexual conduct with a minor.**

The defendant is charged in Counts One through Three of the indictment with traveling in interstate commerce to engage in illicit sexual conduct with a minor, in violation of Section

2423(b) of Title 18 of the United States Code. In order for the defendant to be found guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

    First:        The defendant traveled in interstate commerce; and

    Second:     That the defendant's purpose in traveling in interstate commerce was to engage in illicit sexual conduct with a person he believed to be a minor.

Illicit Sexual Conduct: This term means a sexual act (as defined in section 2246) with a person younger than 18 years of age where the sexual act would have been a violation of federal criminal law, specifically Chapter 109A or 18 U.S.C. § 2241 et seq..

It is a violation of federal criminal law to knowingly engage in a sexual act, or to attempt to engage in such an act, with a minor who has attained the age of 12 years, but has not attained the age of 16 years, and who is at least 4 years younger than the defendant. Sexual act means (A) contact between the penis and the vulva or the penis and the anus, and for the purposes of this subparagraph contact involving the penis occurs upon penetration, however slight; (B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus; (C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or (D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

    **B.**    **Count Four**:  **Production of Child Pornography**:

Flores is charged in Count Four of the Indictment with committing the offense of production of child pornography, in violation of Title 18, United States Code, Section 2251. The

government must prove the following elements beyond a reasonable doubt:

In order to prove the defendant guilty of using a minor to produce child pornography, the government must prove each of the following elements beyond a reasonable doubt:

First: That the victim was under the age of 18;

Second: That defendant used or employed or persuaded or induced or enticed or coerced the victim to take part in sexually explicit conduct for the purpose of producing or transmitting a visual depiction of that conduct; and

Third: That visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.

**C.  Count Five - Possession of Child Pornography**:

Flores is charged in Count Five of the Indictment with committing the offense of possession of child pornography, in violation of Title 18, United States Code, Section 2252(a)(4)(B). The government must prove the following elements beyond a reasonable doubt:

First: That the defendant knowingly possessed matter, such as a mobile device, which the defendant knew contained a visual depiction of a minor engaged in sexually explicit conduct;

Second: That the defendant knew that the visual depiction contained in the matter showed a minor engaged in sexually explicit conduct;

Third: That the defendant knew that production of such visual depiction involved use of a minor engaged in sexually explicit conduct; and

Fourth: The visual depiction had been produced using material that had been

transported in interstate or foreign commerce by computer or other means.

IV. **Evidentiary Issues:**

   A. **Government's Motion in Limine**:

On November 27, 2018, the government filed a motion in limine under Federal Rules of Evidence 414 and 404(b) requesting Flores' prior sexual abuse of two minor boys be admissible at his trial as both "propensity" evidence under Rule 414, and as "non-propensity" evidence under Rule 404(b), that is to prove his knowledge, intent, motive and plan. The government requests a pretrial ruling on the admissibility of this evidence.

   B. **Defendant's prior convictions**:

Defendant Jose Flores has a prior conviction for sexual abuse in the first degree for having sexual contact with a minor less than 11 years of age, identified here as G.C. (G.C. is one of the victims referenced above.) Victim G.C. reported that Flores engaged in oral and anal sex with him over a period-of-time. Specifically, Flores licked his anus numerous times and took photographs of the abuse. Flores and the victim lived in the same apartment building in the Bronx, New York, like the victim in the instant indictment. Flores was convicted upon a plea of guilty on July 25, 2014 of aggravated sexual abuse in the first degree, in violation of New York Penal Law 130.65. He received 10 years' probation. He was on probation when he committed the instant offenses. The government hereby provides notice of its intent to cross-examine Flores with this prior conviction in the event he should testify.

The government will be filing a motion in limine under Federal Rule of Evidence 609.

                                                               Respectfully submitted,

                                                               WILLIAM M. MCSWAIN
                                                               United States Attorney

                                                               /s/ Sherri A. Stephan
                                                              SHERRI A. STEPHAN
                                                              Assistant United States Attorney

Dated: November 27, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a true and correct copy of the foregoing trial memorandum to be served by email and electronic filing upon counsel for the defendant:

Gavin Holihan, Esquire
gphesq@ptd.net


    /s/ Sherri A. Stephan
SHERRI A. STEPHAN
Assistant United States Attorney

Dated: November 27, 2018