IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      CRIMINAL NUMBER 17-412

v.

JOSE R. FLORES

## MOTION TO WITHDRAW GUILTY PLEA PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 11(d)(2)(B)

And now this 28 day of February, 2019, comes the defendant, by and through Gavin P. Holihan, Esq., Appointed Counsel for the defendant and files this Motion to Withdraw Guilty Plea Pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B), requesting that This Honorable Court grant the relief herein requested and permit the defendant to withdraw his guilty plea which was entered on December 6, 2018.

In support thereof, it is averred as follows:

1. On or about April 25, 2018 the undersigned was appointed to represent the defendant after prior counsel was granted leave to withdraw from representation.
2. Since that date counsel has represented the defendant.
3. On December 6, 2018, with Counsel, the defendant entered a plea of guilty pursuant to a written guilty plea agreement.
4. The sentencing hearing was scheduled for March 12, 2019.
5. After the entry of the plea, but before the imposition of sentence, the defendant filed what purported to be a "Motion to Withdraw Guilty Plea." (A copy of the pro se motion is attached hereto as Exhibit A.)

1

6. After receiving a copy of the defendant's pro se motion to withdraw guilty plea, Counsel consulted with the defendant in person to discuss the contents of said pro se motion and the likely effects to the defendant if said pro se motion was granted.

7. After consultation between Counsel and the defendant, the defendant indicated that he wished to withdraw his guilty plea in this matter.

8. In light of the defendant's stated desire to withdraw his guilty plea, Counsel files this Motion to Withdraw Guilty Plea and seeks to incorporate by reference the allegations contained in the defendant's pro se Motion to Withdraw Guilty Plea which is attached as exhibit A.[1]

9. Counsel avers that the defendant has asserted his innocence in paragraph 10 of his pro se Motion to Withdraw Guilty Plea.

10. Counsel avers that the government would suffer no prejudice if this Motion to Withdraw Guilty Plea was granted.

11. Counsel avers that the defendant has not engaged in an undue delay in filing this this Motion to Withdraw Guilty Plea.

12. Counsel avers that withdrawal of the guilty plea would not substantially inconvenience This Court.

13. Counsel avers that since Counsel was appointed to the defendant, the defendant has always had the close assistance of competent counsel.

14. Counsel avers that the defendant has stated that his guilty plea was not knowing and voluntary.

---

[1] While Counsel incorporates the pro se motion in toto, Counsel does not verify the truth of all of the statements made by the defendant in said motion.

15. Counsel avers that the withdrawal of the guilty plea would not waste judicial resources.

16. Counsel avers that if the defendant's statements are true and correct, the defendant has shown a fair and just reason for requesting the withdrawal of his guilty plea.

17. Counsel requests an evidentiary hearing on the within motion.

Wherefore, it is respectfully submitted that the defendant has averred a fair and just reason for requesting the withdrawal of his guilty plea in the above captioned matter pursuant to Federal Rule of criminal Procedure 11(d)(2)(B) and it is requested that This Court grant said motion.

Respectfully Submitted

Gavin P. Holihan, Esq.
PA ID No. 64447
546 West Hamilton Street
Suite 200
Allentown, PA 18101
P: 610.841.9790
F: 610.841.4808
gphesq@ptd.net

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NUMBER: 17-412 |
| ) | |
| VS. ) | |
| ) | |
| JOSE R. FLORES ) | |

## MOTION TO WITHDRAW GUILTY PLEA

COMES NOW the defendant, JOSE R. FLORES, in Propria persona, who respectfully motions This Honorable Court, Pursuant to Fed. R. Crim. 11 (d)(2)(B), to grant defendant the withdrawal of his Guilty Plea. In support thereof, Defendant submits as follows:

1.) On December 6, 2018 Defendant appeared before this court, wherein he was represented by his Court appointed counsel, GAVIN P. HOLIHAN, ESQUIRE.

2.) Said December 6, 2018, Appearance, At The strong suggestion of his counsel, Defendant entered into a Guilty Plea Agreement, which this Court Accepted.

3.) Defendant was permitted no more than thirty (30) minutes in order to read the "Governments Plea Memorandum" and "GUILTY PLEA AGREEMENT", on December 6, 2018, Prior to entering into said agreement before the Court.

-1-

A

4.) That Defendant signed, and accepted, the Plea Agreement herein based upon his court Appointed Counsel's urgings, and said counsel's insinuation that acceptance of the Plea Agreement was Defendant's only hopes IN EVER SEEING Freedom again.

5.) Since Defendant Appeared before this Court on December 6, 2018 Defendant has had the opportunity to research (through the assistance of an inmate housed in the same Jail as Defendant) Many of Defense Counsel's claims in reference to Defendant's case and Sentencing possibilities.

6.) Additionally, Defendant has had the opportunity to write to Defense counsel to ASCERTAIN THE TRUTH and VALIDITY OF Some of said Defense Counsel's statements that Specifically resulted in Defendant Accepting the plea Agreement.

7.) Based upon Defense Counsel's responses to Defendant, as well as said Counsel's statements to Defendant's family member since December 6, 2018, Defendant Fully Believes that he was Deliberately Misled and lied to by Defense counsel in order to induce him into entering into A Plea of Guilty.

-2-

8.) That in addition to Defense counsel's Deliberate Misrepresentation of Possible Sentence Ranges, Defense counsel Also Deliberately Misled Defendant in reference to A SEARCH WARRANT (which counsel first claimed did NOT EXIST, and even presented defendant with a "Motion to Suppress" that stated NO SEARCH WARRANT EXISTED). Initially, counsel advised Defendant NO search warrant existed, However, in order to INDUCE Defendant into pleading guilty, counsel then claimed that the search warrant did exist.

9.) That Based upon counsel's Continuously Conflicting Comments, innacurate statements as to sentencing possibilities, OUTRIGHT Hostility towards Defendant and Defendant's ~~Family~~, and Defense ~~Counsel's complete~~ DIS-INTEREST in representing Defendant in this case, (as stated by said counsel), Defendant has lost ALL faith in said Counsel's Ability to represent him in these matters.

10.) Defendant Asserts his innocence in this case and asserts that WERE IT NOT For Defense Counsel's Misleading, and

-3-

deliberately inaccurate statements to Defendant and Defendant's family, Defendant would NOT have Accepted the plea agreement.

WHEREFORE, Based upon the foregoing reasons, Defendant Requests that he be permitted to withdraw his plea of GUILT, FOR FAIR AND JUST Reasons, Pursuant to Fed. R. Crim 11(d)(2)(B). Additionally, Defendant requests Appointment of New Counsel To represent him in these proceedings.

DATED: Feb 1, 2019   BY: *Jose Flores*

JOSE R. FLORES
DEFENDANT, Pro-se
#192835

Lehigh County Jail
38 N. 4th St.
Allentown, PA 18102

-4-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      CRIMINAL NUMBER 17-412

v.

JOSE R. FLORES

### CERTIFICATE OF SERVICE

I, Gavin P. Holihan, Esquire, hereby certify and state that I have served a true and correct copy of the **Motion to Withdraw Guilty Plea Pursuant to Federal Rule of Criminal Procedure 11 (d)(2(B)** by Hand Delivery or United States Postal Service, first class postage pre-paid, upon the following:

Sherri Stephan, Esquire
Assistant United States Attorney
Eastern District of Pennsylvania
Office of the District Attorney
Lehigh County Courthouse
455 W. Hamilton Street
Allentown, PA 18101

Jose Flores
ID #: 192835
Lehigh County Jail
38 N. 4th Street
Allentown, PA 18102

Honorable Edward G. Smith
Eastern District of Pennsylvania
Holmes Building, 4th Floor
101 Larry Holmes Drive
Easton, PA 18042-7722

February 28, 2019
Date

Gavin P. Holihan, Esquire
PA ID No. 64447
Attorney for Defendant
PA ID No. 64447
546 West Hamilton Street
Suite 200
Allentown, PA 18101
P: 610.841.9790
F: 610.841.4808
gphesq@ptd.net

4