IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | CRIMINAL NUMBER 17-CR-412 |
| | : | |
| JOSE R. FLORES | : | |

DEFENDANT'S SENTENCING MEMORANDUM

The defendant JOSE R. FLORES appears before the court to be sentenced for the crimes of Travel with Intent to Engage in Illicit Sexual Conduct (18 .S.C. §2423(b)), Production of Child Pornography (18 U.S.C. 2251(a)) and Possession of Child Pornography (18 U.S.C. 2252(a)(4)(B)) after having entered a guilty plea to all counts of the Indictment.

This Court ordered a presentence investigation report (PSR), which has been completed. Sentencing is scheduled for Tuesday June 18, 2019.

The Presentence Report of May 9, 2019 prepared by Leslie E. Maxwell, Senior United States Probation Officer correctly calculates Mr. Flores's guidelines sentencing range at 360 to LIFE. The range is reached because the Probation Officer calculates a Total Offense Level of 42. The defense agrees with this calculation. The defendant agrees that the Criminal History Category V is also correct.

1

Defense Objections

**Objection 1**: The defendant had objected to the inclusion of information regarding "Minor II" in the Pre-Sentence Report in Paragraphs 21 through 25. Relevant Conduct is a term of art described by the sentencing guidelines as "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." Because the statements regarding "Minor II" do not fit this description -- the defendant was not indicted for any crimes related to these allegations nor did he plead guilty to any such crimes nor did he admit any such acts-- the defense objected.

The Probation Officer's response clarifies that the information, while included in the "Offense Conduct" section of the report is more appropriately a "Factor that May Warrant a Sentence Outside the Advisory Guideline System" see PSR Part F where information not specifically addressed by the guidelines is included to aid the court in determining the sentence. See SSG§1B1.4.

USSG§1B1.4 reads:

Information to be Used in Imposing Sentence (Selecting a Point Within the Guideline Range or Departing from the Guidelines)

In determining the sentence to impose within the guideline range, or whether a departure from the guidelines is warranted, the court may consider,

without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law.  See 18 U.S.C. § 3661.

The defense submits that due process requires the court to consider carefully and any information offered up by the Executive Branch to urge members of the Judicial Branch for greater punishment of a citizen where that information has not been subjected to the constitutional processes and procedures designed to insure liberty and justice for all citizens.  Child sex crimes, reprehensible as they are, should not be the vehicle used to erode important safeguards.

SENTENCING CONSIDERATIONS

The United States Supreme Court has explained that all sentencing proceedings should begin by correctly calculating the applicable Guidelines range.  Gall v. United States, 552 U.S. 38, 128 S. Ct. 586, 169 L. Ed. 445, 2007 U.S. LEXIS 13083.  As set forth by the Third Circuit in United States v. Arrelucea-Zamudio, 581 F.3d 142 (3d Cir. 2009), a sentencing court must, in every case,

>  (1) "continue to calculate a defendant's Guidelines sentence precisely as [it] would have before *Booker*";
>
>  (2) "formally rule on the motions of both parties and state on the record whether [it is] granting a departure and how that departure affects the Guidelines calculation, and take into account our Circuit's pre-*Booker* case law, which

      continues to have advisory force"; and

(3)    "exercise their discretion by considering the relevant [18 U.S.C.] § 3553(a) factors in setting the sentence they impose regardless *[sic]* whether it varies from the sentence calculated under the Guidelines."

See Arrelucea-Zamudio, 581 F.3d at 146, (quoting United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006)). The sentencing court may not prefer a within-Guidelines sentence over a sentence outside the Guidelines. See Nelson v. United States, 555 U.S. 350, 129 S. Ct. 890, 891 (2009); Gall v. United States, 552 U.S. 38, 128 S. Ct. 586, 596-97 (2007); Rita v. United States, 551 U.S.338, 351 (2007).

   At the third stage of sentencing, sentencing courts may vary from the Guidelines based on case-specific considerations, policy reasons alone, or both. See Spears v. United States, 555 U.S. 261, 129 S. Ct. 840, 843 (2009). The goal of this three-part process is the imposition of a sentence "sufficient, but not greater than necessary," to achieve the goals of sentencing – retribution, deterrence, incapacitation, and rehabilitation. 18 U.S.C. § 3553(a).[1]

---

[1]    The sentencing factors set forth in § 3553(a) include:

- the nature and circumstances of the offense and the history and characteristics of the defendant;
- the kinds of sentence available;
- the Guidelines and policy statements issued by the Sentencing Commission, including the advisory guideline range;
- the need to avoid unwarranted sentencing disparity; and

APPLICATION OF THE STATUTORY FACTORS TO THIS CASE

In the present case, the Court must consider the following factors when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing for Mr. Flores:

A. The Nature and Circumstances of the Offense and Mr. Flores History and Characteristics

The nature and circumstances of the offense are inarguably serious given the Legislatures criminalization of these acts with the lengthy statutory sentences. The defense ask the court to consider the following facts that are not directly addressed by the guidelines:

    i. the defendant spent roughly four and one half months in custody of the Commonwealth of Pennsylvania on these allegations which time will not be counted by the Bureau of Prisons towards any credit for time served (see PSR at ¶9 April 21-September 11, 2017)

    ii. the defendant has waived his appellate rights for which the guidelines do not give credit (see Plea Agreement)

    iii. the defendant has waived his collateral attack rights for which the guidelines do not give credit (see Plea Agreement)

    iv. the defendant's conviction here is a violation of his probation

---

· the need to provide restitution where applicable.

18 U.S.C. § 3553(a)(1), (a)(3), (a)(5)-(7).

     in New York which will subject him to additional sentencing by that state. (See PSR at ¶77)

 B. The Need for the Sentence Imposed to Promote Certain Statutory Objectives

  1. *To reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.*

The defendant asserts that the guidelines set forth above sufficiently promote respect for the law and provide a just punishment for the offenses. The government advocates for an illegal LIFE sentence, although the defense recognizes this may be rhetorical advocacy given the numbers are such that the sentence could be effectively a life sentence.

  2. *To afford adequate deterrence to criminal conduct.*

Mr. Flores's prosecution and conviction in this case with its press coverage provides a general deterrent to other people who may contemplating similar conduct and a sentence within the range specified above, even if at the bottom of the range would also have that deterrent effect.

  3. *To protect the public from further crimes of the defendant.*

Incarceration for period within the guidelines set forth above would protect the public considering the age of the defendant--41 years old.

  4. *To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.*

Mr. Flores has a clear need for medical and correctional treatment given

the nature of the offenses and a sentence at the bottom of the guideline range set forth above would achieve those needs.

V.  CONCLUSION

    Based on the above stated reasons, the defense respectfully requests that this Court impose a sentence at the bottom end of the advisory sentencing guideline range.

Respectfully submitted,

s/Robert E. Sletvold
Robert E. Sletvold, Esq.

Certificate of Service

I, Robert E. Sletvold, Esq. hereby certify that on this date, I have served a true and correct copy of this document, DEFENDANT'S SENTENCING MEMORANDUM, through the Court's ECF (Electronic Case Filing) Procedures. Notice will be delivered electronically to opposing counsel as listed below to:

Sherri A. Stephan, AUSA  -- sherri.stephan2@usdoj.gov


  s/Robert E. Sletvold
Robert E. Sletvold, Esquire