IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| | : CRIMINAL ACTION NO. 17-412 |
| v. | : |
| | : |
| JOSE R. FLORES | : |

## ORDER

**AND NOW**, this 31st day of August, 2020, after considering another *pro se* letter from Jose R. Flores ("Flores") in which he requests an extension of time to file his appeal (Doc. No. 72), it is hereby **ORDERED** that Flores' letter request for an extension of time (Doc. No. 72) is **DENIED**.[1]

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[1] As the court explained in the July 7, 2020 order denying Flores's prior requests for extension of time to appeal, the court sentenced him on June 18, 2019 (Doc. Nos. 62, 63). Flores had until no later than July 2, 2019, to file a notice of appeal to the Third Circuit Court of Appeals. *See* Fed. R. App. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of the entry of either the judgment or the order being appealed; or the filing of the government's notice of appeal."). Flores never filed a notice of appeal. Nonetheless, "[u]pon a finding of excusable neglect or good cause, the district court may--before or after the time has expired, with or without motion and notice--extend the time to file a notice of appeal for a period ***not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).***" Fed. R. App. P. 4(b)(4) (emphasis added). This Rule, however, would only allow the court to extend the time for Flores to file an appeal for up to 30 days after the time that he had to file a notice of appeal, *i.e.* up to August 1, 2019. *See, e.g., United States v. Verdin-Garcia*, 707 F. App'x 559, 560 (10th Cir. 2017) (explaining that district court was limited to extending time for defendant to file notice of appeal for period not exceeding 30 days after original time to file appeal expired). As Flores submitted the instant motion well beyond August 1, 2019, the court lacks authority to extend the time for him to file a notice of appeal.
    As part of the court's denial of Flores's prior requests for extensions of time, the court directed the clerk of court to mail him a copy of the court's standard form for motions for habeas relief under 28 U.S.C. § 2255. *See* Doc. No. 71. The clerk of court mailed that section 2255 form to Flores on July 8, 2020. *See* Unnumbered Docket Entry Between Doc. Nos. 71, 72.